## FREDERICK STURTEVANT *vs.* COMMONWEALTH.

Suffolk.    March 7, 1893. — April 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ

*Writ of Error — Constitutional Law.*

The St. of 1887, c. 435, entitled "An act to provide for the punishment of habitual criminals," does not violate Articles XXIV. and XXV. of the Declaration of Rights, or Article I., § 10, or the Fourteenth Amendment, of the Constitution of the United States, and is not unconstitutional.

The word "prison," as used in the St. of 1887, c. 435, § 1, is not limited to the state prison, but includes all places of imprisonment for crime.

Merely formal objections to an indictment to avail should be taken at the trial.

WRIT OF ERROR, to reverse certain judgments rendered for the Commonwealth. The petition set forth "that on or about the eighteenth day of October, A. D. 1887, in the Superior Court held at Lawrence within and for the county of Essex in said Commonwealth, your plaintiff was convicted of the crime of larceny; that on the day aforesaid, in the court aforesaid, he was further adjudged guilty and convicted of having, on the fourth day of January, A. D. 1878, at the Superior Court holden at Salem within and for the said county of Essex, been convicted of the crime of breaking and entering a building in the night-time, and larceny therein, and having been sentenced and committed to the state prison for the term of five years; that on the day aforesaid, in the court aforesaid, he was further adjudged guilty and convicted of having, on the seventh day of February, A. D. 1883, been convicted of the crime of embezzlement, and having been sentenced and committed to the state prison in Concord, Mass., for the term of five years; that by reason of this conviction as aforesaid, your plaintiff was sentenced by said court to be punished by solitary imprisonment one day, and confinement at hard labor for the term of twenty-five years less one day, at the state prison at Boston, Mass., and that your plaintiff is now imprisoned under said sentence."

The assignments of errors so far as relied on were as follows:

" First. That the law under which the plaintiff was sentenced was unconstitutional, inasmuch as its enactment was contrary to the provision of Article XXIV. of the Constitution of Massachusetts, relating to ' A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts.'

" Second. That the law under which the plaintiff was sentenced was unconstitutional, inasmuch as its enactment was contrary to Article XXVI. of the Constitution of Massachusetts relating to ' A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts.'

" Third. That the law under which the plaintiff was sentenced was unconstitutional, inasmuch as its enactment was contrary to the provision of Article XII. of the Constitution of Massachusetts, relating to ' A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts.'

" Fourth. That the law under which the plaintiff was sentenced was unconstitutional, inasmuch as its enactment was contrary to the provision of Article I., § 10, of the Constitution of the United States of America.

" Fifth. That the law under which the plaintiff was sentenced was unconstitutional inasmuch as its enactment was contrary to the provision of Article XIV., § 1, of the Constitution of the United States of America as amended by ' Articles in addition to, and amendment of, the Constitution of the United States of America, proposed by Congress, and ratified by the legislatures of the several States, pursuant to the fifth article of the original Constitution.' "

The record, after setting forth the various convictions as alleged in the petition, stated : " And the said Frederick Sturtevant, having been twice convicted of crime, sentenced and committed to prison for terms of not less than three years each, is deemed to be an habitual criminal."

*R. R. Gilman & W. H. Mitchell,* for the plaintiff in error.

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

ALLEN, J.    1. The first assignment of error is that the statute is contrary to Article XXIV. of the Declaration of Rights, which prohibits *ex post facto* laws. This objection is disposed of by the recent decision in *Commonwealth* v. *Graves,* 155 Mass. 163.

The date of the larcenies charged in the indictment was after St. 1887, c. 435, went into effect.

2. The second assignment is that the statute is contrary to Article XXVI. of the Declaration of Rights, which is as follows: "No magistrate or court of law shall demand excessive bail or sureties, impose excessive fines, or inflict cruel or unusual punishments." This article is directed to courts, not to the Legislature. *Commonwealth* v. *Hitchings*, 5 Gray, 482, 486. In the statute, nothing is left to the discretion of the court in fixing the sentence. Moreover, the plaintiff in error does not contend that the length of the term fixed is so great as in itself to show that the punishment is cruel and unusual for the offence; but he says, "All punishments inflicted under an unconstitutional law are cruel and unusual," thus resting on other grounds of objection to the validity of the statute itself. Apart from the objection that the statute is *ex post facto*, the only ground of unconstitutionality urged is that the statute imposes the heavier punishment upon one who has twice before been sentenced and committed to the state prison, while others who have been convicted of the same crimes and sentenced to jails or houses of correction escape this heavier punishment. This argument rests on a misreading of St. 1887, c. 435, § 1, which says nothing about a prior sentence to the state prison, but speaks of having been "sentenced and committed to prison in this or any other State." The word "prison" as thus used is not limited to the state prison, but includes all places of imprisonment for crime. The context shows this plainly, and this is the common meaning of the word as used in the Public Statutes. See Pub. Sts. c. 215, §§ 5, 14, 15, 28, 29; c. 219, §§ 1, 4, 5, 13, 31, 32; c. 220, §§ 31, 51, 52, 72, 73, 74; c. 221, §§ 43, 44, 47, 49, 50, 51, 53; c. 222, §§ 2, 3, 8, 11, 12, 13, 15, 17, 20, 24. *Beard* v. *Boston*, 151 Mass. 96. *Leonard* v. *Leonard*, 151 Mass. 151. The whole foundation of the argument fails, and we need not consider what force it might have if the statute was different.

3. The third assignment of error is that the statute is contrary to Article XII. of the Declaration of Rights. This is the article requiring that charges of crime shall be formal. The plaintiff in error objects to the indictment that it did not in terms set forth that he was an habitual criminal, or that he was

indicted under the statute. The indictment in two counts charged two distinct larcenies, and then proceeded to aver two former convictions, one for breaking and entering and one for embezzlement, upon each of which he had been sentenced and committed to the state prison. In this respect, the indictment conformed to the rule as held in *Commonwealth* v. *Harrington*, 130 Mass. 35, and *Tuttle* v. *Commonwealth*, 2 Gray, 505, and it was not necessary to go further and allege the conclusion of law that he was an habitual criminal. *Commonwealth* v. *Sanborn*, 14 Gray, 393. 1 Bish. Crim. Proc. § 515, and cases cited. Moreover, the objection was merely formal, and to avail should have been taken at the trial. *Commonwealth* v. *Chiovaro*, 129 Mass. 489, 493, 497.

4. The fourth assignment, as amended, is that the statute is contrary to § 10 of Article I. of the Constitution of the United States, which prohibits *ex post facto* laws. The decision in *Commonwealth* v. *Graves*, 155 Mass. 163, in its reasoning, applies as well when the objection is founded on the Constitution of the United States, as when it rests upon the State Constitution.

5. The fifth assignment, as amended, is that the statute is contrary to the Fourteenth Amendment of the Constitution of the United States. The argument addressed to us under this head is similar to that urged in support of the second assignment, and seems to rest upon the ground stated in the brief of the plaintiff's counsel, that the statute unjustly discriminates against persons in the plaintiff's situation, " and infringes the fundamental privileges and immunities of equal protection to their liberty and equal justice in the courts." We do not see anything else in this objection except that the statute is in its nature *ex post facto*, and that it makes an unjust discrimination against criminals who have previously been sentenced to the state prison. Both of these grounds have been dealt with already, in considering the second assignment.

The sixth and seventh assignments of error are not insisted on in the brief of the plaintiff in error.

None of the assignments of error being supported, the entry must be,

*Judgment affirmed.*