JOHN A. McDONALD vs. COMMONWEALTH.

Suffolk.   November 22, 1898. — May 18, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Constitutional Law — Equal Protection of the Law — Ex post facto Law — Cruel and unusual Punishment — Indictment — Pleading — Counsel for Prisoner — Habitual Criminal Act.*

The St. 1887, c. 435, relative to the punishment of habitual criminals, is not an *ex post facto* law, it does not deprive a person sentenced under it of the equal protection of the laws in violation of Article XIV. of the Amendments to the Constitution of the United States, nor is the provision thereof that a person on trial on a charge of felony may be shown to have twice before been convicted of crimes committed in this or another State, or both, unconstitutional as denying to him a fair and impartial trial.

Although it is necessary in order to sentence a person as an habitual criminal under the St. 1887, c. 435, to allege and prove that he has twice before been convicted of crime, the previous convictions do not of themselves constitute a crime, and if in the indictment words importing the beginning of a new count precede the allegation of previous convictions they may be rejected as surplusage.

Article VI. of the Amendments to the Constitution of the United States does not apply to States or to proceedings in State courts, and there is no constitutional or statutory provision in this Commonwealth guaranteeing counsel to a prisoner unless he is charged with a capital crime.

A person may be lawfully sentenced as an habitual criminal under the St. 1887, c. 435, although unrepresented by counsel at his trial, when it appears that his rights were then carefully guarded and stated and explained to him.

The St. 1887, c. 435, providing for the punishment of habitual criminals, does not impose a cruel and unusual punishment within the meaning of Article VIII. of the Amendments to the Constitution of the United States, which does not apply to States, nor is the statute in violation of Article XXVI. of the Declaration of Rights, which is directed to courts and not to the Legislature.

At the trial of an indictment which contained counts for forging and uttering certain checks, and an allegation that the defendant was an habitual criminal, the judge charged the jury, they retired, and afterward came into court to render their verdict.   In response to inquiries of the clerk, they returned a verdict of guilty upon each count, and when the clerk was about to inquire of them in regard to the habitual criminal charge the judge arose and said that he had forgotten to charge upon that, and proceeded so to do, after which the jury again retired, returned into court, and rendered a verdict of guilty upon that part of the indictment.   *Held*, that this procedure was not unconstitutional or prejudicial to the defendant.

Under an assignment of error, if it may be called such, in a writ of error, that the prisoner waives no rights either under the Constitution of the United States or of this Commonwealth apparent on the records, but not stated in detail in the assignments of errors, no error is alleged; and there is nothing for this court to consider.

WRIT OF ERROR, to reverse a judgment rendered for the Commonwealth, on August 9, 1898, by the Superior Court for the county of Suffolk, upon an indictment charging the plaintiff in error with forging and uttering certain checks.

The indictment, after the counts in which the plaintiff in error was charged with forging and uttering the checks therein described, proceeded as follows: " And the jurors aforesaid for the Commonwealth of Massachusetts, on their oath aforesaid, do further present, that said John A. McDonald, otherwise called John McDonald, has been, before the commission of the felonies hereinbefore charged, twice convicted of crime, sentenced and committed to prison, once in this Commonwealth and once in the State of New Hampshire, for terms of imprisonment of not less than three years each; that is to say, said McDonald was once convicted at a term of the Superior Court of this Commonwealth duly begun and holden at Boston aforesaid for the transaction of criminal business, on the first Monday of April in the year of our Lord eighteen hundred and ninety, of the crime of perjury, upon an indictment therefor; and on the sixteenth day of said April said McDonald was duly sentenced upon said conviction by said court to imprisonment in the state prison in this Commonwealth for the term of three years; and in pursuance of said sentence said McDonald was, on the seventeenth day of said April, duly committed to said state prison; and again, said McDonald was convicted at a term of the Supreme Court holden at Manchester within and for the county of Hillsborough in the State of New Hampshire, on the first Tuesday of January in the year of our Lord eighteen hundred and ninety-four, of the crime of obtaining property by means of false pretences with intent to defraud, upon an indictment therefor; and thereupon said McDonald was duly sentenced upon said last named conviction by said court last named to imprisonment in the state prison in said State of New Hampshire for the term of four years; and in pursuance of said sentence last mentioned said McDonald was, on the twelfth day of February in the year last mentioned, duly committed to the state prison last above mentioned."

The assignments of errors were in substance as follows.

First. The court erred in sentencing the plaintiff in error to

imprisonment as an habitual criminal upon a judgment rendered against him on an indictment charging him with a crime which was committed in, and was punishable by the laws of, the State of New Hampshire; that the indictment is in violation of Article XIV. of the Amendments to the Constitution of the United States; and that the St. 1887, c. 435, is unconstitutional as being in violation of Article III. § 2, of the Constitution of the United States, which provides that " The trial of all crimes, except in cases of impeachment, . . . shall be held in the State where the said crimes shall have been committed."

Second. That any statute allowing the government to make bad character a part of its original case is unconstitutional and void, because it infringes upon the inalienable right of a fair and impartial trial, which is guaranteed by the Constitution of the United States and of this Commonwealth to every person charged with crime.

Third. That the crime of being an habitual criminal is of statutory creation, and a count therefor cannot properly be joined with another count for a felony in the same indictment.

Fourth. That, at his trial, the plaintiff in error was not represented by counsel, nor were his constitutional rights explained to him by the court, and that his trial was unconstitutional and in violation of Article VI. of the Amendments to the Constitution of the United States, and of Article XII. of the Declaration of Rights.

Fifth. That the St. 1887, c. 435, and the sentence of the plaintiff in error thereunder, are unconstitutional and in violation of Article V. of the Amendments to the Constitution of the United States, and of Article XXVI. of the Declaration of Rights, forbidding cruel and unusual punishments.

Sixth. That the St. 1887, c. 435, are unconstitutional and in violation of Article IV. § 2, of the Constitution of the United States, giving to every citizen the equal protection of the laws.

Seventh. That the St. 1887, c. 435, is unconstitutional and in violation of Article I. § 9, of the Constitution of the United States, and of Article XXIV. of the Declaration of Rights prohibiting *ex post facto* laws.

Eighth. That the St. 1887, c. 435, is unconstitutional, and in violation of Article V. of the Amendments to the Constitu-

tion of the United States, which declares that no man shall be twice put in jeopardy for the same offence; and in violation of Article XII. of the Declaration of Rights; that after the judge charged the jury upon the whole indictment, they returned a verdict of guilty upon the first, second, third, and fourth counts, but nothing was said in the charge on the habitual criminal count; and when the clerk was about to inquire of the jury in regard to the habitual criminal charge, the judge arose and said that he had forgotten to charge upon that, and proceeded so to do, after which they again retired and afterward returned a verdict of guilty on the habitual criminal count, and that this procedure was irregular, prejudicial, and unconstitutional.

Ninth. The plaintiff in error waives no rights under the Constitution of the United States or of this Commonwealth apparent on the record and not previously stated in detail.

Plea: 1. A traverse of the allegation of the fourth assignment of error, that the constitutional rights of the plaintiff in error were not explained to him by the court at the trial. 2. A traverse of the allegation in the eighth assignment of error that, after the judge's charge upon the whole indictment, the jury returned a verdict of guilty upon the first four counts, but that nothing was said in the charge as to the habitual criminal count. 3. *In nullo est erratum.*

The following facts were agreed. That when the plaintiff in error was set at the bar for trial, and as the jury were about to be called and impanelled, the clerk made the following announcement to him: "John A. McDonald, you are now set at the bar to be tried, and these good men whom I shall call are to pass between the Commonwealth and you on your trial, and you have a right to challenge any two of their number without assigning a reason therefor. If you do so, or object to any of them for cause, you must do it as they are called and before they are sworn."

At the trial, after each witness for the government had testified and before he left the stand, the plaintiff in error was informed by the judge of his right to ask the witness any questions he desired; after the government had rested its case he was informed by the judge that he might produce any evi-

dence he desired, or himself testify in his own behalf, but that his refusal so to do would not be taken as evidence against him, and after the evidence was all in he was informed of his right to address the jury in his own defence. After the judge had charged the jury and they had retired, they returned into court and the foreman was asked by the clerk as to the first, second, third, and fourth counts, " Is the prisoner guilty or not guilty?" to which he replied, " Guilty," upon each count. When the clerk was about to inquire as to the habitual criminal charge, the judge interrupted, and said to the jury that he had forgotten to charge them as to that part of the indictment, and thereupon proceeded so to do. The jury then again retired, and upon their return into court, being inquired of by the clerk as to that part of the indictment containing the habitual criminal charge, replied that the plaintiff in error was guilty of that part of the indictment. No objection was made by the plaintiff in error to the proceedings at the trial, and no exceptions were alleged by him.

*F. P. Murphy,* for the plaintiff in error.

*F. T. Hammond,* Assistant Attorney General, for the Commonwealth.

MORTON, J. The first assignment of error is based on a misapprehension of St. 1887, c. 435, and of the offence with which the plaintiff was charged, and for which he was sentenced. The charge in the indictment was for forging and uttering certain checks in this State. The plaintiff in error was found guilty and sentenced for that, not for the crimes of which he had been previously convicted in New Hampshire and in this State. St. 1887, c. 435, does not authorize a trial here for offences committed in another State, or the imposition of a penalty for crimes committed elsewhere. It imposes a heavier penalty in the case of a previous offender, and provides that the fact that he has offended before may be shown by convictions in this or another State or both. There is nothing unconstitutional in these provisions. In fixing a penalty regard may be had to previous conduct without limiting it to the jurisdiction in which the last offence was committed. *Commonwealth* v. *Graves,* 155 Mass. 163. The statute is not in violation of the Fourteenth Amendment to the Constitution of

the United States. *Sturtevant* v. *Commonwealth*, 158 Mass. 598. It does not operate to deprive a person sentenced under it of the equal protection of the laws. It bears alike upon all persons within the Commonwealth and similarly situated, who have committed felonies in this State since it took effect, or who may commit felonies hereafter. *Tinsley* v. *Anderson*, 171 U. S. 101, 106. Whether the punishment is cruel and unusual, and may therefore come within the prohibition which forbids a State from abridging " the privileges and immunities of citizens of the United States," or from depriving any person " of life, liberty, or property without due process of law," will be considered later.

The second assignment is disposed of by what has already been said.

The third assignment rests on the contention that the allegations in regard to the previous convictions charge the crime of being an habitual criminal, and constitute a count which is improperly joined to those which precede it. It was necessary to allege and prove the previous convictions. *Tuttle* v. *Commonwealth*, 2 Gray, 505. *Commonwealth* v. *Cody*, 165 Mass. 598. If proved as alleged, they aggravated the offence with which the plaintiff was charged, and if he was convicted of that required that he should be sentenced as provided by the statute. They did not constitute of themselves a crime, and the words of presentment, as if another count was begun with which the allegations were preceded, properly could be rejected as surplusage. *Sturtevant* v. *Commonwealth*, and *Commonwealth* v. *Cody, ubi supra*. *Commonwealth* v. *Walker*, 163 Mass. 226.

In regard to the fourth assignment, it is to be said that there is no constitutional provision in this State guaranteeing counsel to a prisoner, and no statutory provision in respect to counsel except in the case of an indictment for a capital crime. Pub. Sts. c. 150, § 19. St. 1891, c. 379, § 4. *Conant* v. *Burnham*, 133 Mass. 503, 506. Article VI. of the Amendments to the Constitution of the United States does not apply to the States or to proceedings in State courts. *Commonwealth* v. *Whitney*, 108 Mass. 5. The agreed facts show that the rights of the plaintiff in error were carefully guarded and stated, and explained to him at the trial.

The fifth assignment is to the effect that the punishment provided by the statute is a cruel and unusual punishment, and is contrary to Article V. of the Amendments to the Constitution of the United States, and to Article XXVI. of the Declaration of Rights. It is probable that Article VIII. instead of Article V. of the Amendments to the Constitution of the United States is intended, as the latter contains no reference to cruel or unusual punishments. But neither Article V. nor Article VIII. applies to the States. *In re Kemmler,* 136 U. S. 436, 446. *Commonwealth* v. *Hitchings,* 5 Gray, 482. *Commonwealth* v. *Whitney, ubi supra.*

A similar provision in regard to cruel and unusual punishments is found, however, in Article XXVI. of the Declaration of Rights, except that the language there is that " no magistrate or court of law shall . . . inflict cruel or unusual punishments." As was said in *Sturtevant* v. *Commonwealth,* " This article is directed to courts, not to the Legislature." It is for the Legislature to determine what acts shall be regarded as criminal, and how they shall be punished. It would be going too far to say that their power is unlimited in these respects. Ordinarily, the terms " cruel and unusual " imply something inhuman and barbarous in the nature of the punishment. *In re Kemmler, ubi supra.* But it is possible that imprisonment in the state prison for a long term of years might be so disproportionate to the offence as to constitute a cruel and unusual punishment. However that may be, it cannot be held, we think, that the punishment is " cruel and unusual " where the statute provides, as it does here, that one who has been convicted in this State of a felony committed here since it went into effect, or who twice before in this State or another State or both has been sentenced and committed to prison for terms of not less than three years each, shall be punished by imprisonment in the state prison for twenty-five years. The penalty was determined, no doubt, by the view that in such a case the criminal habit has become so fixed and the hope of reformation is so slight that the safety of society requires and justifies a long continued imprisonment of the offender. The statute provides, however, that if it appears to the Governor and Council at any time that the convict has reformed, they may release him conditionally for the resi-

due of the term.  We think that the statute is not open to the objection of imposing a cruel and unusual punishment.

The sixth assignment is disposed of by what has been said in regard to the first assignment.

The seventh assignment rests on the contention that the statute is *ex post facto* in its character, and is disposed of not only by what has been said under the first assignment, but also by *Sturtevant* v. *Commonwealth*, where the same objection was taken and overruled.

The eighth assignment is, first, that under the statute in question the plaintiff in error has been tried here for an offence committed in New Hampshire, and for which he was punished there; and, secondly, that the proceedings at the trial by which the jury after returning a verdict upon the counts in regard to forging and uttering were sent out again to deliberate upon the habitual criminal charge, and afterwards returned a verdict upon that, were irregular, prejudicial, and unconstitutional. What has been previously said in regard to the nature of the offence with which the plaintiff in error was charged disposes of the first ground taken in this assignment.  As to the second ground, it appears that the judge charged the jury, and they retired, and afterwards came into court to render their verdict. They were asked by the clerk, as to the first, second, third, and fourth counts successively, whether the prisoner was guilty or not guilty, and they returned a verdict of guilty on each count. Thereupon the clerk was about to inquire of them in regard to the habitual criminal charge, when the judge arose and said that he had forgotten to charge upon that, and proceeded to do so, and they retired again and afterwards came into court and rendered a verdict of guilty on that part of the indictment. We see nothing prejudicial or unconstitutional in this.  *Pritchard* v. *Hennessey*, 1 Gray, 294.  *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 70, 82.

It was within the power of the court to correct the error or omission in the way in which it did, and to send the jury out again, after it had rendered its verdict on the counts for forgery and uttering, to deliberate on the habitual criminal charge.  *Mason* v. *Massa*, 122 Mass. 477.  *Brown* v. *Dean*, 123 Mass. 254.

Under the ninth assignment, if it may be called such, no errors are alleged, and there is nothing for us to consider.

The result is, that, none of the errors assigned being supported, the entry must be, *Judgment affirmed.*