## COMMONWEALTH vs. JOHN W. ELLIS.
## SAME vs. THOMAS KELLY.

Middlesex.   November 14, 1910. — January 9, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Pleading, Criminal,* Indictment or complaint.   *Vagabond.   Constitutional Law.*

A complaint under R. L. c. 212, § 61, alleged that the defendant on a day named
at a certain city, "and on divers other days and times at said [city], was then
and there a person known to be a pickpocket and thief and then and there hav-
ing no visible and lawful means of support and was then and there on said days
and times aforesaid at [the city] aforesaid, found prowling around a certain
railroad depot in said [city], whereby and by force of the statute in such case
made and provided, the said [defendant] was and still is a vagabond." *Held,*
that the complaint was not bad for duplicity; that the charge was of a con-
tinuing offense, and that the time properly might have been alleged as within a
certain period beginning on a day named and ending on a later day named, but
that the complaint sufficiently alleged an offense on the day named, and that
the words "and on divers other days and times at said [city]" and the later
words "on said days and times aforesaid" and also the words "and still is"
might be stricken out as surplusage. *Held, also,* that the complaint in follow-
ing the language of the statute was sufficiently certain, it being plain that the
charge of being a vagabond was made under R. L. c. 212, § 61, and was not
made under the provisions of § 46 of the same chapter.
R. L. c. 212, § 61, is as follows: "A person who is known to be a pickpocket,
thief or burglar and having no visible or lawful means of support, if found
prowling around any steamboat landing, railroad depot, banking institution,
broker's office, place of public amusement, auction room, store, shop, crowded
thoroughfare, car or omnibus, or at any public gathering or assembly, shall be
deemed a vagabond, and shall be punished by imprisonment in the house of
correction for not less than four nor more than twelve months." *Held,* that
this statute is constitutional, the commission of previous crimes referred to in
it being used as indications to a certain extent of present character in describing
the kind of person constituting a vagabond under the statute.
The previous commission of crimes may be made an element in providing for the
punishment to be imposed for a later crime and in the creation of certain kinds
of statutory offenses without making the statute containing such provision an
*ex post facto* law.
A motion by the defendant in a criminal case for a bill of particulars, which
merely states that the defendant "demands that a bill of particulars be fur-
nished him in accordance with his rights under the Revised Laws," properly
may be denied, because it does not point out any part of the indictment or
complaint about the meaning of which the defendant is uncertain and needs
information to enable him to prepare his defense.

Two complaints against different defendants, under R. L.
c. 212, § 61, both received and sworn to in the Police Court of

Lowell on September 1, 1910, each charging that the defendant " on the first day of June, in the year of our Lord one thousand nine hundred and ten, at Lowell aforesaid, and on divers other days and times at said Lowell, was then and there a person known to be a pickpocket and thief and then and there having no visible and lawful means of support and was then and there on said days and times aforesaid at Lowell aforesaid, found prowling around a certain railroad depot in said Lowell, whereby and by force of the statute in such case made and provided, the said [defendant] was and still is a vagabond, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court the cases were tried together before *Raymond,* J. In each of the cases the defendant moved that the complaint be quashed for the following reasons:

" 1. The complaint is bad for duplicity as it charges several distinct acts of prowling on separate days and dates, and because each act is a distinct statutory offense.

" 2. Uncertainty as to whether the defendant is charged with being a vagabond under section 46, or section 61 of the Revised Laws, chapter 212, as each section describes different statutory vagabonds.

" 3. The complaint is unconstitutional because it alleges that a man is a thief and a pickpocket, and such allegation is in violation of a defendant's character rights under our laws.

" 4. There is no allegation as to when a man begins or ceases to be a vagabond, and the law is unconstitutional, because there can be no successful plea of former acquittal or conviction, and the prosecution of the complaint carries with it a cruel and unusual punishment, in that it is practically a life imprisonment at the whim or pleasure of prosecuting officials.

" 5. The act is unconstitutional because it is *ex post facto* in that it allows criminal records of past crimes to prove a present criminal intent.

" 6. The act is unconstitutional because in the enforcement of it a man's past criminal record is used to convict him of a present crime, thus punishing him twice for the same offense."

In each of the cases the judge denied the motion.

The defendant in each of the cases then made the following motion for a bill of particulars: "And now comes the defendant above named, and without waiving any legal, statutory, or substantial rights contained in the motion to quash heretofore filed, demands that a bill of particulars be furnished him in accordance with his rights under the Revised Laws."

In each of the cases the judge denied the motion.

In each of the cases the defendant was found guilty and was sentenced to the house of correction for twelve months. The defendant in each case appealed from the order denying his motion to quash the complaint, from the order denying his motion for a bill of particulars, and from the judgment sentencing him to imprisonment for twelve months in the house of correction.

R. L. c. 212, § 61, is as follows: "A person who is known to be a pickpocket, thief or burglar and having no visible or lawful means of support, if found prowling around any steamboat landing, railroad depot, banking institution, broker's office, place' of public amusement, auction room, store, shop, crowded thoroughfare, car or omnibus, or at any public gathering or assembly, shall be deemed a vagabond, and shall be punished by imprisonment in the house of correction for not less than four nor more than twelve months."

Section 46 of the same chapter, mentioned above, provides suitable punishments for "rogues and vagabonds, persons who use any juggling or unlawful games or plays, common pipers and fiddlers, stubborn children, runaways," and other kinds of persons enumerated.

*P. H. Kelley*, (*J. M. Sullivan* with him,) for the defendants.

*J. J. Higgins*, District Attorney, for the Commonwealth.

KNOWLTON, C. J. These two cases were argued together, and they present precisely the same questions. In each a complaint was made against the defendant under the R. L. c. 212, § 61, charging that he was "a person known to be a pickpocket and thief and then and there having no visible and lawful means of support and was then and there on said days and times aforesaid at Lowell aforesaid, found prowling around a certain railroad depot in said Lowell, whereby and by force of the statute in such case made and provided," he "was and still is a vaga-

bond," etc.   A motion to quash was filed in each case, in which six reasons for the motion were stated.

The complaint is not bad for duplicity.   It does not charge distinct offenses.   The charge is of a continuing offense, and the time well might have been alleged as within a certain period beginning on a day named and ending on a later day named. But, in the form in which this complaint is made, the allegation sufficiently charges an offense on the first day of June, 1910, and the words, " and on divers other dates and times at said Lowell," add nothing to it.   These words, and the later words, " on said days and times aforesaid," and also the words, " and still is," may be stricken out as surplusage.   *Commonwealth* v. *Sullivan*, 5 Allen, 511.   *Commonwealth* v. *Gardner*, 7 Gray, 494.   *Commonwealth* v. *Elwell*, 1 Gray, 463.

The complaint is sufficiently certain.   It follows the language of the statute, and in a case of this kind that is sufficient. *Commonwealth* v. *Ashley*, 2 Gray, 356.   *Commonwealth* v. *Dyer*, 128 Mass. 70.   *Commonwealth* v. *Brown*, 141 Mass. 78.

It is plain that the charge is of being a vagabond under the provisions of the R. L. c. 212, § 61, and not under the provisions of § 46 of the same chapter.

The defendants' counsel have argued at length that the statute is unconstitutional, because of the nature of the allegations that together charge the offense.   The statute makes certain conduct punishable, as producing in a man a condition and character that render him an objectionable member of society, whose acts and influence are detrimental to the community. To convict him under this section, it must be shown that he was found prowling around one of the public places mentioned in the statute, and that he was doing this while having no visible and lawful means of support.   It must also be shown that he was a person known to be a pickpocket, thief or burglar.   His prowling around a public place is active conduct for which he is directly responsible.   So too in ordinary cases, in a less marked degree, is his having no visible or lawful means of support. These are matters of conduct and behavior.   When they coexist in a person known to be a pickpocket, thief or burglar, they constitute an offense for which he well may be subjected to punishment.   The commission of the previous crimes referred to in the

statute does not constitute a misdemeanor for which he may be prosecuted. To a certain extent they are indications of present character, and they serve to give color to conduct that otherwise might be less pronounced in its indications. That the previous commission of crimes may be considered in determining the punishment to be imposed, and in the creation of certain kinds of statutory offenses, without rendering a statute an *ex post facto* law, has repeatedly been adjudged. *McDonald* v. *Commonwealth*, 173 Mass. 322. *Commonwealth* v. *Graves*, 155 Mass. 163. *Sturtevant* v. *Commonwealth*, 158 Mass. 598. *Commonwealth* v. *Phillips*, 11 Pick. 28. *Plumbly* v. *Commonwealth*, 2 Met. 413. *Tuttle* v. *Commonwealth*, 2 Gray, 505.

The defendant in each case filed a motion for a bill of particulars and appealed from an order denying it. In the substantive part of the motion he merely " demands that a bill of particulars be furnished him in accordance with his rights under the Revised Laws." If he had pointed out any part of the complaint, about the meaning of which he was uncertain and needed information to enable him to prepare his defense, doubtless the court would have ordered the filing of specifications. He might have needed to be told what railroad depot was referred to in the complaint, or what were the particulars of the knowledge that he was a pickpocket and thief; but it does not appear that he needed or desired information of this kind.

The defendants' "rights under the Revised Laws" entitle them to a bill of particulars only when " the charge would not be otherwise fully, plainly, substantially and formally set out," or when it is "necessary to give the defendant and the court reasonable knowledge of the nature and grounds of the crime charged." R. L. c. 218, § 39. *Commonwealth* v. *Snell*, 189 Mass. 12, 19.

*Judgment and orders affirmed.*