SUPREME COURT OF THE UNITED STATES,

April 6, 1914.

# PEOPLE OF THE STATE OF NEW YORK v. CHARLES CARLESI.

PARDON BY PRESIDENT U. S.—DOES NOT LIMIT STATES IN CONSIDERING SUBSEQUENT AND SECOND OFFENSE.

A pardon granted as to an offense committed against the United States does not operate as a limitation upon the States, excluding them from considering the conviction of the prior and pardoned offense against the United States in a prosecution for a subsequent State offense as a second offense.

In error to the Court of General Sessions of the Peace in and for the County of New York, State of New York.

*Almuth C. Vandiver,* (George Gordon Battle with him on the brief) for plaintiff in error.

*Robert S. Johnstone,* for respondent.

Mr. Chief Justice White delivered the opinion of the court.

The plaintiff in error was accused of the crime " of forgery in the second degree as a second offense." The indictment contained a recital of the prior offense relied on, that is, a conviction in the Circuit Court of the United States for the Southern District of New York and a sentence for three and one-half years in the penitentiary for the crime of selling and having in possession counterfeit coin. The statute of the State of New York, which was the authority for referring to the prior conviction, was as follows:

" A person who after having been convicted within this State of a felony, or attempt to commit a felony, or of petit larceny, or, under the laws of any other State, government or county, of a crime which, if committed within this State, would be a felony, commits any crime within this State, is punishable, upon the commission of such second offense, as follows:

" 1.   If the subsequent crime is such that upon a first conviction the offender might be punished in the discretion of the court by imprisonment for life, he must be sentenced to imprisonment in a State prison for life.

" 2.   If the subsequent crime is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term nor more. than twice the longest term prescribed upon a first conviction."

The accused pleaded not guilty, and while admitting the truth of the recitals in the indictment as to his prior conviction, sentence and service of time in the penitentiary, moved to strike from the indictment all reference to those subjects, and insisted on his right to be tried without at all considering or in any manner referring to the prior conviction and sentence on the ground of a pardon granted to him by the President of the United States after he had completed his term of service under the prior conviction.   The pardon relied upon was offered in evidence.   On the trial which followed the refusal of the court to grant the motion to strike out or to rule as requested, the alleged Federal right based upon the pardon was further urged upon the court in every conceivable form and was adversely acted upon, and after conviction was also pressed and adversely passed upon in both the Appellate Division (154 App. Div., 481) and in the Court of Appeals of New York (208 N. Y., 547).   And it is the adverse ruling of the Court

of Appeals concerning such asserted Federal right which forms
the sole basis for this writ of error, addressed to the trial court
because of the action of the Court of Appeals in remitting the
entire record to that court.

The arguments at bar cover a wider field than is essential to
be considered in order to pass upon the question for decision.
As the State courts held that the statute directed the consider-
ation of the prior conviction despite the pardon, we must treat
the case as if the statute so expressly commanded and test its
repugnancy to the Constitution of the United States upon
that assumption. The issue is a narrow one and involves not
the determination of the operation and effect of a pardon within
the jurisdiction of the sovereignty granting it, but simply re-
quires it to be decided how far a pardon granted as to an
offense committed against the United States operates, so to
speak, extra-territorially as a limitation upon the States exclud-
ing them from considering the conviction of a prior and pardon-
ed offense against the United States in a prosecution for a sub-
sequent State offense. It may not be questioned that the States
are without right directly or indirectly to restrict the National
Government in the exertion of its legitimate powers. It is
therefore to be conceded that if the act of the State in taking
into consideration a prior conviction of an offense committed
by the same offender against the laws of the United States de-
spite a pardon was in any just sense a punishment for such
prior crime, that the act of the State would be void, because
destroying or circumscribing the effect of the pardon granted
under the Constitution and Laws of the United States. And,
of course, conversely, it must be conceded that if it be that
the act of the State in taking into consideration a prior offense
committed against the United States after pardon under the
circumstances stated was not in any degree a punishment for
the prior crime, but was simply an exercise by the State of a

local power within its exclusive cognizance, there could be no violation of the Constitution of the United States. The whole controversy therefore is to be resolved by fixing the nature and character of the action of the State under the circumstances for the purpose of deciding under which of these two categories it is to be classed. When the issue is thus defined and limited its solution is free from difficulty as it has been repeatedly and conclusively foreclosed by the prior adjudications of this court.

In McDonald v. Massachusetts, (180 U. S., 311) the court considered and adversely disposed of a contention that a statute of the State of Massachusetts was repugnant to the Constitution of the United States because it provided for a punishment as an habitual criminal of any person convicted of a felony in Massachusetts who was found to have been " twice convicted of crime, sentenced and committed to prison in this or any other State, or once in this and once at least in any other State. * * * " In holding that the statute was not in conflict with the constitution the court said:

" The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished in Massachusetts and New Hampshire.

But it does no such thing. The statute under which it was rendered is aimed at habitual criminals, and simply imposes a heavy penalty upon conviction of a felony committed in Massachusetts since its passage by one who had been twice convicted and imprisoned for crime for not less than three years, in this or in another State, or once in each. The punishment is for the new crime only, but is the heavier if he is an habitual criminal. * * * It is within the discretion of the Legislature of the State to treat former imprisonment in another State as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal. * * * The statute im-

posing a punishment on none but future crimes, is not ex post facto. It affects alike all persons similarly situated, and therefore does not deprive any one of the equal protection of the laws (Moore v. Missouri, 159 U. S., 673; Ross's Case, 2 Pick., 165; Commonwealth v. Graves, 155 Mass., 163; Sturtevant v. Commonwealth, 158 Mass., 598; Commonwealth v. Richardson, 175 Mass., 202).

"The statute does not impair the right of trial by jury, or put the accused twice in jeopardy for the same offense, or impose a cruel or unusual punishment" (pp. 312, 313).

The subject again came under consideration in Graham v. West Virginia (224 U. S., 616), and was re-examined in all its aspects, and after a full reference to the English and American authorities the doctrine announced in the McDonald case was re-expounded and reapplied, so as to now leave no room for any further controversy whatsoever on the subject. Applying the principles thus settled, the case before us clearly comes within the second category which we have stated, and therefore the contention as to the effect of the pardon here pressed is devoid of all merit, and the court below was right in so holding.

Determining, as we do, only the case before us, that is, whether the granting of a pardon by the president for a crime committed against the United States operates to restrict and limit the power of the State of New York to punish crimes thereafter committed against its authority, and in so doing to prescribe such penalties as may be deemed appropriate in view of the nature of the offense and the character of the offender, taking in view his past conduct, we must not be understood as in the slightest degree intimating that a pardon would operate to limit the power of the United States in punishing crimes against its authority to provide for taking into consideration past offenses committed by the accused as a circumstance of

aggravation, even although for such past offenses there had been a pardon granted.

Indeed, we must not be understood as intimating that it would be beyond the legislative competency to provide that the fact of the commission of an offense after a pardon of a prior offense should be considered as adding an increaesd element of aggravation to that which would otherwise result alone from the commission of the prior offense.

Affirmed.