Pettingell, J.
Action of tort arising out of a collision of motor vehicles in which there was a finding for the defendant. In his findings of fact the trial judge found specifically that the defendant was negligent and that he did “not find that the plaintiff was guilty of contributory negligence.”
The sole issue in the case is whether the evidence warranted a finding that the plaintiff’s car was properly registered in Massachusetts, the trial judge ruling that it was illegally upon the highway at the time of the accident because of absence of proper registration.
The trial jüdge found that the plaintiff had never registered his car in Massachusetts but had registered it in New Hampshire; that on April 1, 1939, he was living in Boston and continued to live there until June 1, 1939 ; that after June 1, 1939 he “was a non-resident of Massachusetts but *272 continued to drive on the highways of the Commonwealth in the process of commuting to his business of teaching music in Boston”; that he had been teaching music in Boston for seven years; that “the aggregate of days during which the plaintiff operated in Massachusetts after June 1st did not exceed 30, but that the aggregate during which he operated between April 1st and the date of the accident exceeded 30 days ’ ’; that ‘ ‘ at the time of the accident plaintiff had a place of employment in Massachusetts for over 30 days;” that he “was unregistered and unlicensed in Massachusetts, and that he had no liability insurance and no permit for operation in Massachusetts as required by Chapter 90 Section 3 of the General Laws. The accident occurred July 12,1939.
The applicable statute on July 12, 1939 was St. 1939, Chapter 325, which, having an emergency preamble, became effective on its approval, June 30, 1939. That statute followed in outline the provisions of St. 1933, Chapter 188, which had been in effect up to the passage of the 1939 statute. Each of these statutes is permissive; it allows operation of automobiles in Massachusetts by non-residents, but under prescribed conditions. One of these conditions in the 1939 statute limits the right of a non-resident to operate in Massachusetts to thirty days after the acquisition by him, of a “regular place of abode or business or employment.” A non-resident, temporarily resident here, who has complied with the similar laws of his own state or country, is entitled to operate here “to the extent, as to the length of time of operation, or otherwise, that, as finally determined by the registrar, the state or country of registration grants substantially similar privileges” to residents of this Commonwealth. If the reciprocity with the other state or country so permits, this may result in operation here by the non-resident, unlimited as to time. Nevertheless, whatever *273 reciprocity may call for or allow, the instant the non-resident acquires in Massachusetts a “regular place of abode or business or employment” the operation here is immediately limited to a further period of thirty days after which the right to operate as a non-resident ceases. Cases such as Avila v. Dupont, 278 Mass. 83, at 87, Brennan v. Schuster, 288 Mass. 311, at 312, English v. Blacker, Mass. Adv. Sh. (1937) 571, and Boettjer v. Clark, Mass. Adv. Sh. (1940) 69, turn upon the definition of non-resident as it appeared in the earlier statutes, but the principle they represent does not differ materially from that of the statute of 1939. The former statute defined a non-resident as “any resident of any state or country who has no regular place of abode or business in the Commonwealth for a period of more than thirty days in the year.” Immediately upon exceeding the time limit he became a resident, obliged to comply as such with the motor vehicle laws of the Commonwealth. Under the present statute, his status as a non-resident remains unchanged, but, after the thirty days, his transient statutory privilege to operate as a non-resident ceases.
There is, however, one important fundamental change brought into the law by the 1939 statute. In all of the earlier statutes the exception, whether in the definition of “non-resident” or in the limitation of non-resident privileges, has turned upon his having “a regular place of abode or business.” The 1939 statute has added the words “or employment.”
“Business” and “employment” are not the same thing. The “usual place of business ’ ’ necessary to determine venue under G. L. (Ter. Ed.) C. 223, §7, does not include the place where one pursues a “trade or calling.” Hanley v. Eastern Steamship Corp., 221 Mass. 125, at 130 to 133. See, also, *274 Industrial Bankers of Massachusetts, Inc. v. Reid Murdock &c. Co., Mass. Adv. Sh. (1937) 415, at 418, 419. In Hanson v. Culton, 269 Mass. 471, at 476, it was found that the defendant was “constantly employed at the business of a scenic artist,” and that Hanley v. Eastern Steamship Corp., supra, was not applicable.
The addition in 1939' by the legislature of the words “or employment,” clearly indicates that that body intended to widen the scope of the limitation by including within its range those non-residents who have places of employment which are not places of business. It must be inferred from this addition by the legislature that the two words are not synonymous but apply to situations which are inconsistent with each other.
The trial judge found that what the plaintiff had was a place of employment and that he had had it “for over thirty days.” No request for a ruling raises any issue of the sufficiency of the evidence to warrant such a finding. The accident happened July 12, the statute became effective June 30. It is apparent that the plaintiff could not have had it for over thirty days without counting back prior to the date of the approval of the statute.
The statute, however, does not create a liability upon any one for anything which happened prior to June 30,1939. It takes away certain privileges from those who have already acquired a designated status in the past or may acquire it in the future. If, after June 30', 1939, the status already created continues, or such a status is newly created, and the possessor does what the statute prohibits, or what in terms the statute describes as the act not to be done, the statute becomes applicable. What is material is that something is done contrary to the statute after its effective date. In the instant case the plaintiff knew or should have known on June 30, 1939, that he had a status, or would shortly *275 acquire one, which made it improper for him to operate his automobile in Massachusetts without registration in this Commonwealth. Nevertheless, he continued so to operate which was the thing forbidden.
The statute is analogous to that which punishes as an habitual criminal one, convicted of a felony, who has previously been twice convicted of designated crimes. In Commonwealth v. Graves, 155 Mass. 163, at 164, 165, the court held that it was not unconstitutional to allege and prove as previous convictions, those which had taken place before the statute became effective. See, also, Sturtevant v. Commonwealth, 158 Mass. 598, at 599. McDonald v. Commonwealth, 173 Mass. 322, at 326. In Commonwealth v. Ellis, 207 Mass. 572, at 576, 577, it was held that R. L. C. 212, Section 61, was constitutional. That statute provides that one known to be a pickpocket, thief or burglar, and having no visible or lawful means of support, found prowling around places where the public congregates shall be deemed to be a vagabond and punished accordingly. The court said, “His prowling around a public place is active conduct for which he is directly responsible. So too in ordinary cases, in a less marked degree, is his having no visible or lawful means of support. These are matters of conduct and behavior, when they co-exist in a person known to be a pickpocket, thief or burglar, they constitute an offense for which he well may be subjected to punishment. The commission of the previous crimes referred to in the statute does not constitute a misdemeanor for which he may be prosecuted. To a certain extent they are indications of present character, and they serve to give color to conduct that otherwise might be less pronounced in its indications. That the previous commission of crimes may be considered in determining the punishment to be imposed, and in the creation of certain kinds of statutory offenses, without *276 rendering a statute an ex post facto law, has been repeatedly-adjudged.”
We are of opinion that the trial judge, having found that the plaintiff had been teaching music in Boston for seven years, and that he had been a non-resident since June 1st, could find, also, that at the time of the accident he had had a place of employment in Massachusetts for over thirty days, and could rule, properly, that he was a trespasser on the highway, July 12, 1939.
The plaintiff was not entitled to his first and third requested rulings that there was evidence warranting a finding for him or that his car was properly registered. There was no evidence that the car was registered in Massachusetts and no evidence that as a non-resident, he had complied with the Massachusetts motor vehicle law.
The report is to be dismissed.