COMMONWEALTH vs. JAMES MARCUS.

Essex.   September 15, 1983. — October 3, 1983.

Present: HALE, C.J., PERRETTA, & KASS, JJ.

*Constitutional Law*, Cruel and unusual punishment.  *Controlled Substances.*

A mandatory minimum sentence of five years' imprisonment for distributing a class A controlled substance, prescribed for repeat offenders by G. L. c. 94C, § 32(b), did not, when imposed upon a repeat offender selling no more heroin than was necessary to support his narcotic addiction, violate constitutional prohibitions against cruel and unusual punishment. [699-703]

INDICTMENT found and returned in the Superior Court Department on February 18, 1981.

The case was heard by *Barton, J.*

*Judith H. Mizner* for the defendant.

*Dyanne Klein Polatin*, Assistant District Attorney, for the Commonwealth.

KASS, J.  By the time the defendant was apprehended for selling heroin, his addiction to that drug cost him, according to his own testimony, $400 to $600 per day.  The particular sales of which he stands convicted under G. L. c. 94C, § 32, as appearing in St. 1980, c. 436, § 4, were made to a State trooper on January 16 and 30, 1981, and on February 3, 1981.  Those sales were for $80, $50, and $250 respectively.  The defendant, who was found guilty after a bench trial, does not contest his guilt.  What he contends is that the mandatory imprisonment of five years (the conviction was not the defendant's first) required for repeat offenders by G. L. c. 94C, § 32(b), as appearing in St. 1980, c. 436, § 4, constitutes cruel and unusual punishment when

applied in the case of a heroin addict selling no more than is necessary to support his habit.[1]

We think it doubtful in the extreme, even if deterrence were the only purpose of the criminal law, that a five-year minimum sentence for a crime as grave as selling heroin is "so disproportionate to the crime that 'it shocks the conscience and offends fundamental notions of human dignity.'" *Commonwealth* v. *Jackson*, 369 Mass. 904, 910 (1976), quoting *In re Lynch*, 8 Cal. 3d 410, 424 (1972). There may be some doubt as to exactly how much crime heroin use leaves in its wake, but, at the least, it is a great deal. See Kaplan, The Hardest Drug, Heroin and Public Policy 51-58 (1983). The Legislature may, therefore, reasonably impose severe punishment upon those convicted of heroin traffic in hope of discouraging not only the primary crime of selling the drug, but also the secondary personal and property crimes committed by users to fund their habits. In matters of punishment, of course, the Legislature has primacy, and its action carries a presumption of validity. *Weems* v. *United States*, 217 U.S. 349, 379 (1910). See *Commonwealth* v. *Morrow*, 363 Mass. 601, 610-611 (1973). Courts act with great restraint when they review the exercise of that legislative authority in the light of the Eighth Amendment to the United States Constitution and art. 26 of the Declaration of Rights, the parallel provision in the Massachusetts Constitution. *Commonwealth* v. *Jackson*, 369 Mass. at 909.[2] See *Gore* v. *United States*, 357 U.S. 386, 393 (1958) (severity of punishment raises questions which are peculiarly questions of legislative policy).

---

[1] The minimum punishment prescribed by § 32(*b*) is mandatory in the sense that G. L. c. 94C, § 32H, provides, in substance, that a sentence under § 32(*b*) shall not be suspended or reduced until the mandatory minimum term has been served, nor until that time shall the prisoner be eligible for parole. Defects and ambiguities in §§ 32(*b*) and 32H, not germane to this case, were repaired by St. 1982, c. 650, §§ 6 and 14.

[2] Although "parallel," these analogous provisions in the United States and Massachusetts Constitutions may not import precisely the same meaning. See *Commonwealth* v. *Diatchenko*, 387 Mass. 718, 722 n.2 (1982).

When courts probe to see if legislatively prescribed punishment has crossed the line of disproportionality which makes the penalty unconstitutional, see *McDonald* v. *Commonwealth*, 173 Mass. 322, 328 (1899), they apply (in an effort to counteract the inherent subjectivity of the shocked conscience standard) certain objective tests. *Opinion of the Justices*, 378 Mass. 822, 830-831 (1979) (involving mandatory penalties for drug related crimes), and cases and authorities cited. See also *Solem* v. *Helm*, 463 U.S. 277, 290-292 (1983). The first set of considerations is the nature of the offense and the offender in terms of harm to society; the second is a comparison with penalties in other jurisdictions for the same offense; and the third is a comparison with more serious crimes within the jurisdiction. *Opinion of the Justices*, 378 Mass. at 830-831.

We have already commented that selling heroin is a grave business. Indeed the very penalty under consideration was inserted by St. 1980, c. 436, as part of a legislative decision to increase the penalties for trafficking in drugs. The Legislature was of the opinion that a stern attitude toward drug traffic was not only needed but needed quickly, and, accordingly, included an emergency preamble to the act. Courts, commissions, and commentators have observed that drug traffic is part of a pattern of seriously destructive behavior and attendant crime. *Opinion of the Justices*, 378 Mass. at 831, citing President's Commission on Law Enforcement and the Administration of Justice, Task Force Report: Narcotics and Drug Abuse 7, 10-11 (1967). *Carmona* v. *Ward*, 576 F.2d 405, 410-412 (2d Cir. 1978). *People* v. *Broadie*, 37 N.Y.2d 100, 112-113, cert. denied, 423 U.S. 950 (1975). Kaplan, The Hardest Drug at 51-58.[3]

The defendant does not challenge the gravity of the offense but urges that he is a ravaged victim of heroin, who ought more to be pitied than to be an object of societal vengeance. He is so out of control, the argument runs, that a

---

[3] The author of that book is skeptical about the efficacy of stiffer penalties in making much of a dent in the social problem. See particularly Kaplan, *supra* at 92-94.

long jail sentence serves no purpose. To be sure, a previous conviction of selling heroin and some fifteen to eighteen episodes of hospitalization and of detoxification have not prevented the defendant from relapsing into heroin addiction, but the Legislature could reasonably suppose that a long period of imprisonment for a recidivist seller-addict may be effective in loosening the grip of the habit.

As we have implied earlier in this opinion, deterrence is not the only purpose of a jail sentence. Imprisonment isolates the criminal and, to that extent, protects society. In the case of a recidivist seller of heroin, there is a rational legislative purpose in putting the vendor out of business for some considerable time.

Under the second test of proportionality, comparison with what other States do, the Massachusetts statute under attack does not emerge as Draconic. Delaware has a thirty-year minimum term for subsequent convictions of selling heroin, fifteen years of which must be served before eligibility for parole;[4] Georgia, no less than five years, nor more than thirty years for a first offense of sale of heroin and life for a second offense;[5] New York, nine to twenty-five years for a second offense, with a mandatory term of one half of the maximum term imposed;[6] South Carolina, five years mandatory for second offense of distribution;[7] Tennessee, ten years mandatory for habitual drug offender;[8] Vermont, ten years minimum and twenty-five years maximum for subsequent offenses.[9] Other neighboring States have provided for severe maximum penalties for drug selling, although they do not prescribe minimum mandatory sentences. See, e.g., Connecticut, second offense thirty

---

[4] Del. Code Ann. tit. 16, § 4763(a)(3) (1974).

[5] Ga. Code Ann. § 79A-811(d) [16-13-30(d)] (Harrison Co. Supp. 1982).

[6] N.Y. Penal Law §§ 70.06(3)(b) & (4)(b), 220.39 (McKinney 1980 & Supp. 1982-1983).

[7] S.C. Code Ann. § 44-53-370(b)(1) (1976).

[8] Tenn. Code Ann. § 39-6-417(d)(4) (1982).

[9] Vt. Stat. Ann. tit. 18, § 4224(g) (1968).

years;[10] New Hampshire, fifteen years;[11] and Rhode Island, sixty years for a recidivist drug dependent seller.[12] Hypothetically, statutes which permit heavy sentences for selling drugs but do not require them are less severe than those which contain a mandatory penalty. We think, however, for purposes of applying the proportionality test, that we may be guided by the length of the prison term which may be imposed in other States for similar crimes, even if on a discretionary basis. As to the third test, comparison with more serious crimes within the jurisdiction, see G. L. c. 265, § 13C, assault and battery to collect a loan — five years minimum for a second offense; G. L. c. 265, § 13F, indecent assault and battery on a mentally retarded person — ten years minimum for a second or subsequent offense; G. L. c. 265, § 15A(a), assault and battery with a deadly weapon on a victim aged sixty-five or over — two years mandatory (i.e., sentence may not be reduced and no eligibility for parole) for second or subsequent offense; G. L. c. 265, § 18A, assault in a dwelling with a deadly weapon — ten years minimum with no eligibility for parole until five years served; G. L. c. 265, § 22A, rape of a child — five years minimum to life for second offense; G. L. c. 266, § 14, armed burglary and assault on occupant — ten-year mandatory minimum for second or subsequent offense.

Whatever its wisdom, with which we cannot be concerned, the mandatory penalty provided by the Legislature for purveyors of heroin does not begin to approach the severity of the Texas recidivist statute upheld as to constitutionality by the United States Supreme Court in *Rummel* v. *Estelle*, 445 U.S. 263 (1980). Under the Texas law a life sentence had been imposed upon the unfortunate Rummel, whose offenses over a nine-year period consisted of fraudulent use of a credit card to obtain $80 worth of goods, passing a forged check in the amount of $28.36, and obtaining

---

[10] Conn. Gen. Stat. § 21a-277(a) (Supp. 1983-1984).

[11] N.H. Rev. Stat. Ann. §§ 318-B:26, 651:2 (1974 & Supp. 1981).

[12] R.I. Gen. Laws §§ 21-28-4.01, 21-28-4.11 (1982 & Supp. 1982).

Commonwealth v. Marcus.

$120.75 by false pretenses. Nor does it approach in harshness the South Dakota recidivist statute struck down in *Solem* v. *Helm*, 463 U.S. 277 (1983), in which the uttering of a "no account" check for $100 resulted in life imprisonment. The court found the South Dakota statute more barbarous than the Texas statute and, therefore, unconstitutional, because the South Dakota law foreclosed the possibility of parole.

*Judgments affirmed.*