The defendant, Edgar Navarro-Melendez, was indicted for possession with intent to distribute heroin, subsequent offense, in violation of G. L. c. 94C, § 32 (b ), and possession with intent to distribute cocaine, subsequent offense, in violation of G. L. c. 94C, § 32A (d ). Following a jury trial in the Superior Court, the defendant was convicted of the portions of the indictments charging possession with intent to distribute heroin and cocaine. Following an ensuing jury-waived trial, the defendant was convicted of the subsequent offense portions of the indictments. The judge sentenced the defendant to concurrent terms of four and one-half years to four and one-half years and one day in State prison. On appeal, the defendant contends that the mandatory minimum sentence is unconstitutional "as applied" to him because it violates art. 26 of the Massachusetts Declaration of Rights. We affirm.
Background. The facts of this case are well known to the parties. In brief, law enforcement officers, experienced in narcotics investigations, observed the defendant and another individual by a shed in an alley. The defendant saw two uniformed police officers in a nearby parking lot, lifted a carpet behind the shed, threw items underneath it, and fled in the opposite direction of the officers. The police retrieved small plastic bags of powder cocaine from underneath the carpet, $535 from the defendant's pockets in one to twenty dollar bill denominations, and a hypodermic needle on the defendant's person. They arrested the defendant and, during the booking process, uncovered from his waistband fifty-seven bags of powder containing heroin. The total weight of the cocaine mixture was approximately 1.14 grams, and the total weight of the heroin mixture was approximately .42 grams.
The defense was personal use. In this regard, the defendant presented one witness, a licensed alcohol and drug counselor, who testified that he examined the defendant and concluded that he suffers from severe opioid use disorder, cocaine use disorder, and posttraumatic stress disorder. The counselor further testified that in his opinion a person with an addiction similar to the defendant could consume two to five grams of heroin in one day and ten or more grams of cocaine in one day.
Following trial, the judge held a sentencing hearing. The sentencing guidelines proposed a sentencing range of approximately four years and two months to six years and three months in State prison. The Commonwealth requested a sentence of six to seven years in State prison, while the defendant requested that he serve probation with treatment at or through the Western Massachusetts Correctional Alcohol Treatment Center. In the alternative, the defendant requested a sentence of three and one-half years to three and one-half years and one day in State prison. The defendant also contended that in light of his addiction, imposition of a minimum mandatory sentence would constitute cruel or unusual punishment in violation of the Massachusetts Declaration of Rights. The judge imposed a sentence of four and one-half years to four and one-half years and one day in State prison. In response to the defendant's claim, the judge stated, in relevant part, "This sentence is neither cruel nor unusual, it's just. I make the sentence based upon [the defendant's] lengthy criminal record both in terms of the years and the sheer volume of crimes committed over that long span of time."
Discussion. The defendant's argument is unpersuasive on the facts of this case. Initially, the judge was obligated to sentence the defendant within the range prescribed by the applicable statutes. See Commonwealth v. Ehiabhi, 478 Mass. 154, 161 (2017) ("The judge's decision not to sentence the defendant pursuant to the statutes under which he was properly charged and convicted -- § 32A [c ] and [d ] -- was error"). Second, the argument ignores the defendant's substantial criminal record, which included approximately twenty-seven prior convictions. His record shows four prior distribution or intent to distribute convictions, including a cocaine trafficking conviction for which he received an eighteen-month committed sentence, as well as assault crimes and property crimes. Third, the defendant's claim overlooks the jury's rejection of his claim of personal use. Finally, the sentence imposed in this case was at the low end of the advisory sentencing guidelines. In view of the above referenced factors, including the defendant's significant and continued criminal conduct and history of drug-dealing, this is not a case that rises to the level of a potential art. 26 violation, as applied to this particular defendant in this particular case. Compare Commonwealth v. Laltaprasad, 475 Mass. 692, 704 n.20 (2016) ; Cepulonis v. Commonwealth, 384 Mass. 495, 497 (1981) ; Commonwealth v. Marcus, 16 Mass. App. Ct. 698, 701-703 (1983).
Judgments affirmed.