RICHARD A. CEPULONIS *vs.* COMMONWEALTH.

Suffolk. September 15, 1981. — October 8, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Firearms. Constitutional Law,* Cruel and unusual punishment, Duplicitous convictions, Double jeopardy, Assistance of counsel. *Practice, Criminal,* Duplicitous convictions, Double jeopardy, Assistance of counsel. *Assault and Battery.*

A sentence of forty to fifty years for unlawful possession of a machine gun did not, in the circumstances, constitute cruel and unusual punishment. [496-499]

Unlawful possession of a machine gun is not a lesser included offense of assault and battery by means of a dangerous weapon. [500-502]

A defendant failed to show that he was denied effective assistance of counsel at his trial and on appeal because of his attorney's failure to raise certain issues where this court found that those issues were without merit. [502]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on June 2, 1978.

The case was reserved and reported by *Quirico,* J.

*Judith Farris Bowman* for the plaintiff.

*Robert M. Raciti,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. In 1975 the petitioner was convicted of assault with intent to murder, G. L. c. 265, § 15; assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A; and unlawful possession of a machine gun, G. L. c. 269, § 10(c). He appealed under G. L. c. 278, §§ 33A-33G. We took the defendant's appeal for direct review and affirmed his convictions. *Commonwealth* v. *Cepulonis,* 374 Mass. 487 (1978). Cepulonis filed a petition for a writ of error and a single justice reserved and reported the case to the full court on the joint motion of the petitioner and the Com-

monwealth. The petitioner now challenges his sentence of forty to fifty years on the possession of the machine gun charge on the ground that such a sentence constitutes cruel and unusual punishment.[1] He claims, further, that possession of a machine gun is a lesser included offense of assault and battery by means of a dangerous weapon, and that, therefore, his conviction on both charges is a violation of the prohibition against double jeopardy. Finally, the petitioner appeals all three convictions on the ground that he was denied effective assistance of counsel both at sentencing and on his prior direct appeal.

We conclude that a sentence of forty to fifty years for a violation of G. L. c. 269, § 10(c), does not constitute cruel and unusual punishment. Further, we hold that the petitioner was neither subjected to double jeopardy nor was he denied effective assistance of counsel. Accordingly, we affirm the judgments.

The facts are set out in our earlier opinion. *Commonwealth* v. *Cepulonis*, 374 Mass. 487 (1978). We limit our discussion here to the validity of the sentence imposed for the possession of the machine gun and the questions of double jeopardy and effective assistance of counsel.

A. *Cruel and unusual punishment.* This court has recognized that it is possible that imprisonment for a long term of years might be so disproportionate to the offense as to constitute cruel and unusual punishment.[2] *McDonald* v.

---

[1] This court adjudges only whether the right of this petitioner to be free of cruel and unusual punishment has been violated in this case. See *United States* v. *Raines*, 362 U.S. 17, 21 (1960).

[2] The petitioner bases his cruel and unusual punishment challenge on both the Eighth Amendment to the United States Constitution and on art. 26 of the Massachusetts Declaration of Rights. This court has never decided whether the language of the Eighth Amendment ("nor cruel and unusual punishments inflicted") and art. 26 ("[n]o magistrate or court of law, shall . . . inflict cruel or unusual punishments") have the same meaning. *District Attorney for Suffolk Dist.* v. *Watson*, 381 Mass. 648, 676 (1980) (Liacos, J., concurring). The court need not decide the question here. The United States Supreme Court has recently expressed great deference to State Legislatures in their formulation of penalties for felonies. In *Rummel* v. *Estelle*, 445 U.S. 263, 274 (1980), the Court stated: "for crimes concededly classified and classifiable as felonies, that is, as

*Commonwealth,* 173 Mass. 322, 328 (1899), aff'd 180 U.S. 311 (1901). *Commonwealth* v. *Jackson,* 369 Mass. 904, 909 (1976). To reach the level of cruel and unusual, the punishment must be so disproportionate to the crime that it "shocks the conscience and offends fundamental notions of human dignity." *Commonwealth* v. *Jackson, supra* at 910, quoting from *In re Lynch,* 8 Cal. 3d 410, 424 (1972).

The burden is on a defendant to prove such disproportion because the Legislature is given broad discretion in determining the punishment for a given offense. *Commonwealth* v. *O'Neal,* 369 Mass. 242, 248 (1975) (Tauro, C.J., concurring). *Commonwealth* v. *Jackson,* 369 Mass. 904, 909 (1976). This court has adopted a tripartite analysis to determine whether a defendant has met his burden. *Id.* at 910.

The first prong of the disproportionality test requires inquiry into the "nature of the offense and the offender in light of the degree of harm to society." *Commonwealth* v. *Jackson, supra. Opinion of the Justices,* 378 Mass. 822, 831 (1979). A statute designed to protect the public from those who would illegally possess a machine gun might well be one expressing the legislative judgment that severe penalties are needed to inhibit such "gangster-type weapons." See Conference Rep. No. 1956, 90 Cong., 2d Sess., reprinted in [1968] U.S. Code Cong. & Ad. News 4426, 4434. The Legislature may well have inferred from common knowledge that the unlicensed possession of machine guns is almost always associated with the commission of violent crimes with the potential for mass killing. See *Rinzler* v. *Carson,* 262 So. 2d 661, 666 (Fla. 1972) (the machine gun is in "the arsenal of the public enemy and the gangster [with which he] wars on the State"). In light of the potential for danger which the Legislature could have recognized and the

---

punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative" (footnote omitted). Arguably, then, the proportionality test need not be applied with respect to the Eighth Amendment in the instant case. The sentence is so analyzed, however, because the proportionality test is still applicable under art. 26.

rational inferences which the Legislature might have drawn, we cannot say that the petitioner has met his burden of showing that a forty to fifty year sentence for possession of a machine gun is so disproportionate to the gravity of the crime as to render the sentence unconstitutional.

The second prong of the disproportionality analysis involves a comparison between the sentence imposed here and punishments prescribed for the commission of more serious crimes in the Commonwealth. See *Opinion of the Justices*, 378 Mass. 822, 831 (1979). A sentence of forty to fifty years is, of course, more severe than the penalty imposed for some crimes in the Commonwealth, and the petitioner in this case has been sentenced for a longer period than one might be sentenced for some crimes involving harm to a person. The Legislature, however, has great latitude in determining the relative seriousness of crimes and the concomitant need for deterrence. *Commonwealth* v. *Jackson, supra* at 915. The Legislature could have reasonably determined that a severe penalty for the unlawful posssession of a machine gun was necessary to avoid the potential consequences of its use. Thus a forty to fifty year sentence for the unlawful possession of a machine gun is not constitutionally excessive.

The final prong this court examines in the disproportionality analysis is a comparison of the challenged penalty with the penalties prescribed for the same offense in other jurisdictions. Initially, we recognize that a disparity between this Commonwealth and other States may indicate no "more than different exercises of legislative judgment," rather than "a difference between unrestrained power and that which is exercised under the spirit of constitutional limitations formed to establish justice." *Commonwealth* v. *Jackson, supra* at 914, quoting from *Weems* v. *United States*, 217 U.S. 349, 381 (1910). We are aware of no other State that imposes a forty to fifty year sentence for possession of a machine gun, but we note that there are several States in which the penalty for possession of a machine gun approaches this figure. See, e.g., Missouri (Mo. Ann. Stat. § 571.105 [Vernon 1979] — not more than thirty years);

Texas (Texas Penal Code Ann. §§ 46.06, 12.33 [Vernon 1974 & Supp. 1980] — not more than 20 years). The difference between the punishment meted out in this case and that prescribed in other States is merely one of degree. It is not violative of art. 26 or of the Eighth Amendment.

The petitioner argues, further, that a sentence of forty to fifty years is excessive and unconstitutional because it "makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering." *Coker* v. *Georgia*, 433 U.S. 584, 592 (1977). The standard of review in considering less than a capital sentence is "whether the statute bears a reasonable relation to a permissible legislative objective." *Commonwealth* v. *Jackson*, 369 Mass. 904, 918 (1976). This court has identified the interests served by punishment. These are (1) deterrence, (2) isolation and incapacitation, (3) retribution and moral reinforcement, and (4) reformation. *Commonwealth* v. *O'Neal*, 369 Mass. 242, 251 & n.11 (1975) (Tauro, C.J., concurring). We cannot say that the Legislature or the judge below was in error in determining that the petitioner's sentence promoted these four interests. We note that the petitioner's possession of the machine gun in this case was marked by its use first in a bank hold up and later in a shoot out with the police during which an innocent bystander was wounded. In determining the severity of the punishment, the sentencing judge violated none of the petitioner's rights by taking into consideration the circumstances of his offense.

While there may be serious debate as to the "effectiveness of harsh penalties in reducing crime," *Commonwealth* v. *Jackson, supra* at 913, the Legislature has not unconstitutionally exceeded its prerogative by authorizing the sentence the petitioner received in this case. Such a term in State prison, furthermore, extends the petitioner's incapacitation and exacts a large measure of retribution. Finally, a legislative judgment that a severe sentence for unlawful possession of a machine gun is needed to reform the perpetrator of such a crime is not irrational. The petitioner has not met his burden of showing that his sentence is unreasonable.

B. *Double jeopardy.* Cepulonis contends that the of-
fense of illegal possession of a machine gun is a lesser includ-
ed offense of assault and battery by means of a dangerous
weapon.[3] He concludes, as a consequence, that punishing
him for both crimes is a violation of the double jeopardy
clause of the Fifth Amendment to the United States Consti-
tution and of the common law prohibition of duplicitous
convictions.[4]

The Commonwealth contends that a fair application of
the test derived from *Morey* v. *Commonwealth,* 108 Mass.
433 (1871), establishes that unlawful possession of a ma-
chine gun is not a lesser included offense within assault and
battery by means of a dangerous weapon. We agree with
the Commonwealth and conclude that the petitioner was
not convicted of a lesser included offense and that his con-
viction was not duplicitous.

The test for whether two statutory offenses may give rise
to two convictions arising from a single incident is whether
each crime "requires proof of an additional fact which the
other does not . . . ." *Morey* v. *Commonwealth, supra*
at 434. *Commonwealth* v. *Crocker, ante* 353, 357 (1981).
*Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-307 (1972).
See *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932)
(adopting this test for Federal offenses). If, then, the
elements of the offenses charged require proof of a differ-
ent fact, neither crime is the lesser included offense of

---

[3] It is unclear whether the petitioner is also claiming that the offense of
possession is a lesser included offense of assault with intent to murder. Ir-
respective of whether the petitioner so argued, he must fail. Assault with
intent to murder is even further attenuated from possession of a machine
gun than is assault and battery by means of a dangerous weapon.

[4] While this claim may be characterized as arising either under the dou-
ble jeopardy clause of the Fifth Amendment to the United States Constitu-
tion or under the common law, we have ordinarily not rested decisions
involving multiple convictions arising from the same event on constitu-
tional grounds. In such cases, where at a single proceeding, a defendant
has been convicted and sentenced for two offenses arising out of the same
act, we have generally preferred to analyze the case under the common
law Morey rule and have struck offending convictions as "duplicitous,"
rather than as violative of double jeopardy. *Commonwealth* v. *Crocker,
ante* 353, 358 n.8 (1981), and cases cited.

the other. Therefore, they are not duplicitous. *Commonwealth* v. *Crocker, supra* at 356. *Commonwealth* v. *Jones,* 382 Mass. 387, 393 (1981).

We turn, then, to an examination of the offenses for which the defendant was convicted, and conclude that each required evidence that the other did not. Unlawful possession of a machine gun, G. L. c. 269, § 10 (*c*), requires proof that a defendant possessed a weapon, and that the weapon was a machine gun as defined in G. L. c. 140, § 121. Further, the offense requires that the petitioner fail to obtain a license to carry the weapon under G. L. c. 140, § 131. Assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A, requires neither that the weapon be a machine gun nor failure to obtain a license for the weapon. Assault and battery by means of a dangerous weapon requires an assault and a battery; unlawful possession of a machine gun does not.[5] Convictions under the two statutes thus fulfil the *Morey* requirement.

The petitioner claims, however, that we must look beyond *Morey* to discuss whether there is a legislative intent not to punish two factually related crimes, even if the elements of the offenses are distinct under *Morey.* See *Commonwealth* v. *Jones, supra* at 393-394. However, as we announced in *Commonwealth* v. *Crocker, supra* at 360,

---

[5] The petitioner argues that, since the Commonwealth proved that the dangerous weapon was in fact a machine gun, possession of a machine gun was an element of the proof of assault and battery by means of a dangerous weapon. The petitioner's argument is misplaced. The Commonwealth need not have introduced the description of a machine gun contained in G. L. c. 140, § 121 (an element of proof needed to obtain a conviction for unlawful possession of a machine gun), to support the offense under G. L. c. 265, § 15A. The Supreme Court, construing the Federal analogue to the *Morey* test, stated that the test "focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Illinois* v. *Vitale,* 447 U.S. 410, 416 (1980) (construing the *Blockburger* test). We agree. As long as the proof of the elements of the offenses requires different facts, an overlap in the facts offered to establish the crimes is not significant. *Albernaz* v. *United States,* 450 U.S. 333, 338-339 (1981). See *Commonwealth* v. *Crocker, supra* at 358; *Commonwealth* v. *Kiley,* 373 Mass. 454, 461 (1977); *Salemme* v. *Commonwealth,* 370 Mass. 421, 423 (1976).

"[i]n order to determine whether the Legislature in a given situation has authorized conviction and sentence under two statutory offenses, the *Morey* test provides a fitting rule of interpretation." The elements of the offenses, rather than the facts adduced at trial, provide the measure of whether convictions are duplicitous. Unlawful possession of a machine gun and assault and battery by means of a deadly weapon are separate offenses. The prohibition against possession of a machine gun is designed to protect the public from the use of a particularly dangerous weapon by preventing its possession before it is used. The prohibition against assault and battery by means of a dangerous weapon is designed to forestall or punish a particular type of attack. While both statutes are designed to protect against violent crime, we recognize that they further distinct legislative policies. Those policies are best expressed in the *Morey* rule. We, therefore, conclude that the petitioner's convictions for unlawful possession of a machine gun and assault and battery by means of a dangerous weapon contravene neither the double jeopardy clause nor any rule of the common law.

C. *Effective assistance of counsel.* The petitioner claims he was denied effective assistance of counsel at sentencing and on appeal. He bases his claim on the failure of his former counsel to raise or brief the cruel and unusual punishment and lesser included offense issues. Having found against the petitioner on the foregoing issues, we find no merit in his claim that his counsel exhibited "serious incompetency, inefficiency, or inattention . . . behavior . . . falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). We have found, in cases where ineffective assistance of counsel is charged, that there ought to be some showing that better work might have accomplished something material for the defense. *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977). The petitioner has made no such showing here.

*Judgments affirmed.*