COMMONWEALTH *vs.* RICHARD A. CEPULONIS. June 21, 1984. *Practice, Criminal,* Postconviction relief.

After two plenary appellate proceedings (*Commonwealth* v. *Cepulonis,* 374 Mass. 487 [1978][1] and *Cepulonis* v. *Commonwealth,* 384 Mass. 495

---

[1] This was the direct appeal from the judgment of conviction.

[1981][2]) and habeas corpus proceedings in the Federal courts,[3] we are able to say with particular assurance that the issues which Cepulonis seeks to raise on this appeal need not be considered by us because they could have been raised in the prior proceedings. *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973). *Commonwealth* v. *Pisa,* 384 Mass. 362, 366 (1981). Compare *Commonwealth* v. *Buckley,* 17 Mass. App. Ct. 373, 374 (1984). None of the matters now raised involves new evidence or claims of error that were not inherent in the earlier proceedings; indeed the complaint about the excessiveness of his sentence and his claim of ineffective assistance of counsel are but variations on themes previously played by the defendant to the courts.[4]

Parenthetically, we make several observations. (1) The Superior Court judge properly declined to consider a motion to revoke and revise the sentence of Cepulonis years after conviction and, a fortiori, after the sixty-day period of limitation established by Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979). *Commonwealth* v. *Sitko,* 372 Mass. 305, 313-314 (1977). *Commonwealth* v. *Layne,* 386 Mass. 291, 295 (1982). (2) Manifestly the trial judge did not sentence Cepulonis for murder. He merely commented on the reckless use of machine guns by the defendant to explain why he was giving close to the maximum allowable sentence under what is now G. L. c. 269, § 10(*c*). Whatever limitations might arguably have been imposed (and we do not so decide) on the penalty for possessing a machine gun by St. 1974, c. 649, § 2, are not germane because the crime for which Cepulonis was convicted occurred on August 9, 1973. (3) The assertions of error in the sentences on the charges of assault with a dangerous weapon were disposed of in *Commonwealth* v. *Hogan,* 17 Mass. App. Ct. 186 (1983). (4) Trial counsel is hardly to be criticized for failing to mount a defense of insanity which would have been inconsistent with the more promising strategy of trying to establish that Cepulonis was not a participant. Moreover, in the context of a bank robbery, the insanity defense faces obstacles that are — at the least — formidable. "[C]ounsel need not chase wild factual geese when it appears, in light of informed professional judgment, that a defense is implausible or insubstantial." *Cepulonis* v. *Ponte,* 699 F.2d at 575.

---

[2] This was a proceeding upon a writ of error. Appellate counsel in that case was the same lawyer who appears in this appeal.

[3] See *Cepulonis* v. *Ponte,* 699 F.2d 573 (1st Cir. 1983).

[4] Energy in taking appeals and the ability to harness that of others in his behalf characterize the adventures of Cepulonis in the criminal justice system. See *Commonwealth* v. *Cepulonis,* 7 Mass. App. Ct. 646 (1979) (appeal from a conviction of armed robbery arising out of an episode different from the bank robbery which underlies the instant appeal). See also *Commonwealth* v. *Cepulonis,* 9 Mass. App. Ct. 302 (1980), and *Cepulonis* v. *Commissioner of Correction,* 15 Mass. App. Ct. 292 (1983).

The orders denying defendant's motion for relief from unlawful restraint, motion for a new trial, and motion to revoke and revise sentences are affirmed.

*So ordered.*

*Judith Farris Bowman* for the defendant.
*David P. Linsky,* Assistant District Attorney, for the Commonwealth.