RICHARD CEPULONIS *vs*. COMMONWEALTH. April 21, 2006. *Supreme Judicial Court*, Superintendence of inferior courts.

The petitioner appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In 1976, the petitioner was convicted of illegal possession of a machine gun, among other offenses, in connection with a bank robbery. He was sentenced to serve from forty to fifty years in prison. Several years later, after this court twice denied him relief from his conviction, see *Cepulonis* v. *Commonwealth*, 384 Mass. 495 (1981); *Commonwealth* v. *Cepulonis*, 374 Mass. 487 (1978), he claimed for the first time, in a postconviction motion in the Superior Court, that, because he had also been convicted in 1973 of a weapons offense, his 1976 conviction was a second offense, and so, even though he was not charged as a second offender, he should be resentenced to no more than seven years, pursuant to G. L. c. 269, § 10 (*d*), as amended through St. 1974, c. 649, § 2. When that claim was denied, he appealed to the Appeals Court, to no avail. See *Commonwealth* v. *Cepulonis*, 18 Mass. App. Ct. 919, 920 (1984). Thereafter, he filed an application for further appellate review, which was denied. See *Commonwealth* v. *Cepulonis*, 394 Mass. 1101 (1985).

Two decades later, in 2005, he filed his G. L. c. 211, § 3, petition in the county court, raising the same claim regarding resentencing that he had raised in the Superior Court, Appeals Court, and in his application for further appellate review. The single justice denied his petition without a hearing. The petitioner argues, in essence, that he "has no appellate recourse" because none of his previous efforts to obtain relief has proved successful. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005). Accordingly, the single justice neither abused her discretion nor otherwise erred in denying the petition.

*Judgment affirmed.*

The case was submitted on briefs.

*Richard Cepulonis*, pro se.

*Jane L. Fitzpatrick*, Assistant District Attorney, for the Commonwealth.