Lowy, J.
(dissenting, with whom Cypher, J., joins). I disagree with the court’s conclusion that the defendant’s sentence violates art. 26 of the Massachusetts Declaration of Rights based on the test from Cepulonis v. Commonwealth, 384 Mass. 495 (1981). The ultimate purpose of the three-prong test is to determine whether the punishment is “so disproportionate to the crime that it ‘shocks the conscience.’ ” Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 669 (2013), S.C., 471 Mass. 12 (2015), quoting Cepulonis, supra at 497. The sentence in this case is not so disproportionate.
I would conclude that the first prong of the Cepulonis analysis, which requires consideration of the underlying crimes and the defendant’s personal characteristics, is satisfied. See Cepulonis, 384 Mass. at 497. The judge meticulously considered both factors. The judge noted the seriousness of the crimes and even presciently considered the factors relating to the defendant’s age, competency, culpability, background, and familial influence that the United States Supreme Court, in Miller v. Alabama, 567 U.S. 460, 477-478 (2012), would subsequently mandate for juveniles in capital cases.[1]
*689 The second prong, which requires comparing the aggregate sentence given to the defendant with sentences for more serious crimes in the Commonwealth, is also satisfied. See Cepulonis, 384 Mass. at 498. Given the number and the seriousness of the convictions, I would not conclude that the aggregate sentence in this case is out of proportion with sentences for more serious crimes. Although a defendant convicted of a single count of murder, as the court points out, would become parole-eligible before twenty-seven and one-half years had elapsed, the defendant here was convicted of, and sentenced for, multiple crimes: three counts of armed robbery, two counts of unlawful possession of a firearm, one count of armed assault with the intent to rob, one count of assault and battery by means of a dangerous weapon, and one count of discharging a firearm within 500 feet of a dwelling. Precluding a judge from entering consecutive sentences for these serious offenses, particularly when a judge had already closely considered the defendant’s youth and its signature features, would unduly hamper a judge’s sentencing discretion. See Commonwealth v. Lucret, 58 Mass. App. Ct. 624, 628 (2003) (judicial discretion to impose concurrent or consecutive discretion is Ijirmly rooted in common law”). That an aggregate sentence for multiple crimes may exceed the sentence for a single, more serious crime does not in itself establish an art. 26 violation for a juvenile, as the court today indicates.
Looking to the sentences in other jurisdictions, I would also conclude that the third prong is satisfied in this case. See Cepulonis, 384 Mass. at 498. States such as New Hampshire and Indiana allow for a comparable sentence for crimes similar to the defendant’s most serious convictions. For example, four of the defendant’s convictions — three of armed robbery, N.H. Rev. Stat. Ann. § 636:1(111), and one of assault and battery by means of a dangerous weapon, id. at § 631: \(\)(a) — could each result in twenty-year sentences. Id. at § 651:2(II-g). Judges in New Hampshire retain the well-established common-law discretion to impose consecutive sentences. Duquette v. Warden, N.H. State Prison, 154 N.H. 737, 743-744 (2007). Similarly, in Indiana the defendant’s three convictions of armed robbery would likely qualify *690 as two felonies at level two and one felony at level three,[2] Ind. Code § 35-42-5-1, which would carry sentences of between ten and thirty years, and between three and sixteen years, respectively. Icl, at §§ 35-50-1 -2(a)(12), 35-50-2-4.5, 35-50-2-5(b). Judges in Indiana have statutory authority to impose consecutive sentences for crimes of violence, which include both level two and level three armed robbery, without limiting the duration of the consecutive sentence. Id. at § 35-50-l-2(c).
For these reasons, I believe the defendant’s sentence satisfies art. 26. I respectfully dissent.

The judge explicitly considered that the defendant was seventeen years old and that “young men at the age of [seventeen] frequently do not have the maturity to make good judgments.” The judge also noted the defendant’s intellectual limitations, difficulty in his upbringing, and susceptibility to his uncle’s influence, and a psychological report detailing his desire to please adults. Nevertheless, the judge was within his discretion to conclude that there was “no question that [the defendant] was old enough, intelligent enough, [and] capable of knowing right from wrong” such that his “bad judgment” in committing three armed robberies could not be “excused by age or by any of the other circum *689 stances of [the defendant’s] life.” As the judge stated, he looked to “the offense and to the victim of the offense, as well as to the defendant,” just as the Cepulonis analysis requires.

Indiana classifies robbery as a level two felony if there was serious bodily injury resulting to any person other than the defendant, and it classifies robbery as a level three if the robbery was committed while armed with a deadly weapon or results in bodily injury to any person other than defendant. Ind. Code § 35-42-5-l(a)(l).