NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-809

COMMONWEALTH

vs.

MICHAEL MIENKOWSKI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2014, a Superior Court jury convicted the defendant of two counts of rape of a child, aggravated by a more than ten year age difference between the defendant and the victim, one count of posing a child in a state of nudity, and one count of dissemination of matter harmful to minors.[1] The judge imposed concurrent mandatory minimum sentences of ten years in state prison on the convictions of aggravated rape and posing a child in a state of nudity.[2] The defendant also received a five year term of probation to be served from and after the concurrent sentences on the conviction of dissemination of matter harmful to minors. This court affirmed the defendant's convictions, see

---

[1] The defendant was acquitted of two additional counts of rape of a child.
[2] See G. L. c. 265, § 23A, and G. L. c. 272, § 29A.

Commonwealth v. Mienkowski, 91 Mass. App. Ct. 668, 669-671 (2017), and the Supreme Judicial Court denied further review, Commonwealth v. Mienkowski, 477 Mass. 1109 (2017).

About seven years later, in 2021, the defendant filed a motion pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001) (rule 30 [a]), arguing that the mandatory minimum sentences imposed on the aggravated rape convictions (hereinafter, the sentence) were disproportionate to the nature of the offense and his personal characteristics thereby violating the prohibition on cruel and unusual punishment under the Eighth Amendment to the United States Constitution and the cognate provision of art. 26 of the Massachusetts Declaration of Rights.[3] The defendant also requested an individualized sentencing hearing. The motion judge, who was not the trial judge,[4] denied the motion without a hearing, and the defendant appealed.[5] We affirm.

---

[3] The defendant does not challenge the ten year minimum mandatory sentence imposed on the conviction of posing a child in a state of nudity. Both his motion to vacate his sentence and his brief on appeal focus solely on the alleged unconstitutionality of the ten year mandatory minimum sentence imposed on the rape convictions.

[4] The trial judge had retired and consequently the motion was heard by a different judge.

[5] The defendant filed a motion to reconsider, which was denied in a margin endorsement. The defendant appealed from the denial of that motion, and the appeal was consolidated with his appeal from the denial of his original motion. However, because the defendant does not make any separate arguments regarding the

2

Background.  The underlying facts are set forth in
Mienkowski, 91 Mass. App. Ct. at 669-671, and need not be
repeated in detail.  In summary, as we previously described, the
defendant was twenty-three years old, unemployed and living with
his mother when he met the victim, who was thirteen years old
and lived in a nearby apartment with her mother.  The two began
"hanging out" when the victim was not in school and before long
the victim spent most of her free time with the defendant.  Id.
at 669.  Approximately six months after they met, the defendant
began regularly raping the victim, who believed she was in love
and kept the relationship secret.  The defendant also exchanged
sexually explicit text messages with the victim and the two
exchanged nude photographs.  The criminal conduct came to light
when the victim moved out of state to live with her aunt and
uncle and the aunt discovered the text messages and photographs
on the victim's telephone.

As noted, in 2021 the defendant filed the rule 30 (a)
motion which is the subject of this appeal.  He claimed that at
the time he committed the offenses he suffered from numerous
mental health disorders including posttraumatic stress disorder,
panic disorder, panic disorder with agoraphobia, depressive
disorder, and alcohol dependence.  Prior to filing his motion,

denial of the motion to reconsider, we only address the merits
of his claim that the original motion should have been allowed.

3

the defendant was examined by Dr. Erin Kitchener, a clinical neuropsychologist, who conducted multiple tests and reviewed the defendant's educational and social history. She concluded that the defendant appeared to suffer from Fetal Alcohol Spectrum Disorder, a neurodevelopmental disorder caused by prenatal alcohol exposure. Dr. Kitchener also opined that the defendant is developmentally delayed, and that his cognitive and social-emotional functioning were significantly delayed at the time of the events in question. Based on Dr. Kitchener's findings and opinion, which were summarized in a detailed report that the defendant submitted in support of his motion,[6] the defendant argued that the ten year mandatory minimum sentence was unconstitutional as applied to him because the term of incarceration was disproportionate to the facts and circumstances of the offense and his personal characteristics. More specifically, he claimed that given his diagnosis, which resulted in significant social limitations and cognitive impairments, he was not, from a social or functional perspective, ten years older than the victim. Consequently, he

---

[6] The defendant's rule 30 (a) motion quoted extensively from Dr. Kitchener's report. However, it appears that the report itself was submitted under separate cover. In an abundance of caution, the defendant attached a copy of the report to his motion to reconsider. Based on the judge's findings and discussion, we are confident that he reviewed the report and, in fact, accepted Dr. Kitchener's findings and conclusions for purposes of the motion.

asserted that the sentence should be vacated and he requested a new sentencing hearing at which his individual characteristics could be taken into consideration.

In a well-reasoned memorandum and order of decision, the motion judge concluded that the defendant had not met his burden of demonstrating that the sentence violated art. 26's guarantee of proportionality.[7]  In reaching his conclusion, the judge noted that the trial judge imposed the most lenient sentence possible and, as a result, one could not conclude, as our case law requires, that the sentence "shock[ed] the conscience or offend[ed] fundamental notions of human dignity."

Discussion.[8]  We review the denial of a motion brought pursuant to rule 30 (a) for an abuse of discretion or error of

---

[7] The motion judge focused on art. 26 because it "affords a defendant greater protections than the Eighth Amendment." Commonwealth v. Sharma, 488 Mass. 85, 89 (2021).  We do the same.

[8] The Commonwealth argues, as it did below, that the defendant waived his claim that his sentence is unconstitutional by failing to raise it at the earliest opportunity.  We agree with the motion judge that the issue is not waived but, in any event, because we conclude that the judge did not abuse his discretion in denying the motion we need not address this argument.  In addition, the Commonwealth argues that the motion was properly denied because the judge had no discretion but to impose the mandatory minimum and therefore the sentence is not illegal.  We agree that the sentence is not illegal in that it does not exceed the permissible maximum and, therefore, we confine our discussion to the question whether the sentence is unconstitutional as applied here.  Lastly, insofar as the Commonwealth also argues that because the Legislature prescribed a mandatory minimum sentence for aggravated rape, both the motion judge and this court lack the discretion to grant the

law.  Commonwealth v. Perez, 480 Mass. 562, 567 (2018).  A judge's decision "constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Where, as here, "a defendant claims that a judge has made an error of constitutional dimension . . . [we] review independently the application of constitutional principles to the facts found" (quotation omitted).  Perez, supra.

"The touchstone of art. 26's proscription against cruel or unusual punishment . . . [is] proportionality.  The essence of proportionality is that punishment for crime should be graduated and proportioned to both the offender and the offense" (quotations and citations omitted).  Commonwealth v. Sharma, 488 Mass. 85, 89 (2021).  "To reach the level of cruel and unusual, the punishment must be so disproportionate to the crime that it

---

relief the defendant requests, we note that "enactments of the Legislature must comport with both the Federal and State Constitutions."  Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 665, 672 (2013).  The motion judge had discretion to depart from the mandatory minimum sentence only if the defendant carried his heavy burden of proving that the sentence is disproportionate under Cepulonis v. Commonwealth, 384 Mass. 495, 497 (1981), and therefore unconstitutional as applied to the defendant.  We have the same discretion.  However, because we conclude that the defendant did not meet his burden, we do not exercise that discretion here.

6

'shocks the conscience and offends fundamental notions of human dignity.'"  Id., quoting Commonwealth v. LaPlante, 482 Mass. 399, 403 (2019).  The defendant has the "heavy burden" of proving disproportionality.  Commonwealth v. Pfeiffer, 482 Mass. 110, 131, cert. denied, 140 S. Ct. 498 (2019), quoting Commonwealth v. Alvarez, 413 Mass. 224, 233 (1992).

As the judge correctly observed, in determining whether a sentence is so disproportionate to the crime that it shocks the conscience we apply a three prong test requiring "(1) an 'inquiry into the nature of the offense and the offender in light of the degree of harm to society,' (2) 'a comparison between the sentence imposed here and punishments prescribed for the commission of more serious crimes in the Commonwealth,' and (3) 'a comparison of the challenged penalty with the penalties prescribed for the same offense in other jurisdictions.'"  Commonwealth v. Concepcion, 487 Mass. 77, 86, cert. denied, 142 S. Ct. 408 (2021), quoting Cepulonis v. Commonwealth, 384 Mass. 495, 497-498 (1981).

The motion judge concluded that the defendant failed to meet all three prongs of the analysis.  He focused his analysis on the first prong, and appropriately considered the nature of the offense and the defendant's characteristics.  In doing so, he accepted Dr. Kitchener's opinion and the facts as presented by the defendant in his motion.  He also considered the trial

7

judge's decision to impose the lowest possible sentence by imposing concurrent ten year mandatory minimum terms. The judge further explained that the decision of the Supreme Judicial Court in Commonwealth v. Jones, 479 Mass. 1, 18 (2018), supported his conclusion. He observed that "the Supreme Judicial Court has declined to eliminate sentences of life in prison without the possibility of parole for people with developmental disabilities or to require that such sentences be discretionary rather than mandatory" (quotation omitted).

On appeal, the defendant advances essentially the same arguments as he did below, namely that the facts and circumstances are sufficient to meet his burden of proving that the sentence is disproportionate. Although we conduct an independent review of the defendant's constitutional claim, we reach the same conclusion as the motion judge. While the record provides support for the defendant's claim that he suffered from developmental delays, the nature of the offense "in light of the degree of harm to society," Cepulonis, 384 Mass. at 497, quoting Commonwealth v. Jackson, 369 Mass. 904, 909 (1976), does not support a conclusion that the sentence he received was disproportionate such that it violated art. 26. Accordingly, we cannot say that the judge made "a clear error of judgment in weighing the factors relevant to the decision." Perez, 477 Mass. at 682 (quotation omitted). The judge properly applied

8

the three-prong analysis and concluded that, even in light of the defendant's intellectual disability and other mental health challenges, the sentence did not shock the conscience or offend fundamental notions of human decency and therefore was not disproportionate as applied to him.  Because this conclusion plainly does not "fall[] outside the range of reasonable alternatives," id. (quotation omitted), the judge did not abuse his discretion in denying the defendant's motion.

> Order entered May 3, 2022, denying motion to vacate an unconstitutional sentence affirmed.
>
> Order entered June 28, 2022, denying motion for reconsideration affirmed.
>
> By the Court (Vuono, Hand & Hodgens, JJ.[9]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  August 9, 2023.

---

[9] The panelists are listed in order of seniority.